BUDDE *et al.* v. REBENACK *et al.;* NAGEL *et al.,*
*Appellants.*

137    179
93a  ³379

Division One, January 26, 1897.

1. **Partition:** MINORS: GUARDIAN: PARTIES.   The guardian is a proper party to an action against minors for the partition of land.  R. S. 1889, sec. 7139.

2. ————: ————: EXECUTOR: PARTIES.   The executor is a proper party defendant to an action against minors, brought before the settlement of the estate, for the partition of lands devised to them.

3. ————: STATUTE: CONFLICTING CLAIMS.   The statute regulating proceedings in partition (R. S. 1889, secs. 7143, *et seq.*) authorizes the settlement of conflicting claims and interests of the parties among themselves and a partition of the land, in the same suit.

4. ————: PETITION: MULTIFARIOUSNESS.   A petition in partition is not multifarious because it seeks to enforce against a third person a trust in the portion of the land claimed by plaintiffs.

5. ————: TRUST: DISSEIZIN: PARTIES.   Where lands are conveyed to one in trust to secure advancements made by him, there is no such disseizin as will preclude the equitable owner from maintaining partition.

*Appeal from the St. Louis City Circuit Court.*

AFFIRMED.

*J. L. Hornsby* for appellants.

(1) An executor or administrator is not a proper party defendant in a bill for partition of the lands of the decedent. The court erred in overruling defendant Herman Nagel's demurrer to the petition. *Throckmorton v. Pence*, 121 Mo. 50; Freeman, Cotenancy and Partition, sec. 471; *Speer v. Speer*, 14 N. J. Eq. 240; *Garrison v. Cox*, 99 N. C. 478; *Tindal v. Drake*, 51 Ala. 574; 17 Am. and Eng. Ency. Law, p. 723. (2) The petition is multifarious in this, that it unites a cause of action against defendant Rebenack alone for the divesting of the title of an interest in the land out of him into plaintiffs, with a suit for partition against all the defendants except Herman Nagel. And the court erred in overruling the demurrer of appellants Katie A. Nagel and Henry R. Nagel. R. S. 1889, sec. 2040; *Doan v. Holly*, 25 Mo. 357; *Liney v. Martin*, 29 Mo. 28; *Robinson v. Rice*, 20 Mo. 229; *Barr v. Cubbage*, 52 Mo. 404; *Lindley v. Russell*, 16 Mo. App. 217; Bliss, Code Pleading [3 Ed.], sec. 110; Story, Eq. Pl. [10 Ed.], sec. 530; Daniel, Ch. Pl. & Pr. [6 Am. Ed.], sec. 335; *Bolles v. Bolles*, 44 N. J. Eq. 385; *Durling v. Hammer*, 20 N. J. Eq. 220; *Appleton v. Smelser*, 60 Fed. Rep. 137; *Savings Ass'n v. Buchanan*, 66 Fed. Rep. 799; *Wales v. Newbould*, 9 Mich. 45; *Campbell v. Mackey*, 1 Myl. & Cr. 603; *Whaley v. Dawson*, 2 Sch. & Lefr. 367; Beach, Modern Eq. Pr., secs. 115–121; *Whitten v. Whitten*, 36 N. H. 326.

*O. J. & R. Lee Mudd* for respondents.

(1) There was no reversible error in overruling the demurrer of Herman Nagel. That demurrer does not

purport to be the demurrer of Herman Nagel as execu-
tor or as guardian.    It does not disclose whether the
executor or the guardian of the minors is objecting to
the petition.    The *scire facias* brings him in as executor
and as guardian.    (2) The demurrer is on the ground
"that there is a defect of parties defendant," the
fourth ground in the statute.    R. S. 1889, sec. 2043.
It is not on the seventh ground.    Bliss on Code Plead-
ing [2 Ed.], sec. 411, p. 627; *Id.*, sec. 414, p. 631.    No
defect of parties appearing in the petition the demurrer
as to this point was, therefore, properly overruled.
(3) The demurrers for that "several causes of action
have been improperly united in plaintiff's petition"
were properly overruled.    There is but one cause of
action in the petition.    The partition is the cause of
action.    The other relief sought is but an incident to
partition, and is a proper preliminary to partition.
The law does not require that cotenants first settle all
conflicting claims in the common property by independ-
ent litigation for that end only, and then bring parti-
tion, but all may and properly should be settled in the
one suit for partition.    Freeman on Cot. and Part. [2
Ed.], secs. 439, 505; *Rozier v. Griffith*, 31 Mo. 171;
*Savings Inst. v. Collonious*, 63 Mo. 290; *Bobb v. Bobb*,
76 Mo. 419; *Thompson v. Holden*, 117 Mo. 118; *Good-
win v. Goodwin*, 69 Mo. 617; *Tindal v. Drake*, 51 Ala.
574; *Earl v. Hart*, 89 Mo. 263; R. S., secs. 7132, 7145,
7146, 7148.

*Aug. Rebenack pro se*, and for respondents Frehs-
mann and Rosenthal.

(1) All parties interested in the land sought to be
partitioned are proper parties, notwithstanding that
some of them had no interest in part of the relief
sought, and a petition seeking such relief is not multi-

farious as to the latter class.    So held in *Goodwin v. Goodwin*, 69 Mo. 617; *Rinehart v. Long*, 95 Mo. 396; *Tucker v. Tucker*, 29 Mo. 350; *Donovan v. Dunning*, 69 Mo. 436; *Waddell v. Waddell*, 99 Mo. 338; Bliss on Code Pleadings [2 Ed.], sec. 110*a*; *Dameron v. Jameson*, 4 Mo. App. 299; *Henderson v. Dickey*, 50 Mo. 161; *Savings Inst. v. Collonious*, 63 Mo. 290; *Lindley v. Russell*, 16 Mo. App. 225; *Bobb v. Bobb*, 76 Mo. 419.

MACFARLANE, J.—The object of this suit is to partition the lands of which one Agnes Beckman died seized among the tenants in common entitled thereto.

The facts, as they appear from the pleadings, are, that Agnes Beckman died testate in October, 1892, seized of the land in question.    By her will she devised the entire estate to Henry Nagel.    A suit to contest the will was commenced by the other heirs of deceased, which was afterward compromised and settled.    Under the compromise Henry Nagel, the contestee, and sole devisee under the will, conveyed to defendant Rebenack one undivided one half of the land to be held in trust for the other heirs, subject to the repayment to him of certain costs and expenses of the suit.

The beneficiaries in said deed commenced this suit making the said Rebenack and the said Henry Nagel defendants.

The petition is in two counts.    The first is for the purpose of having the trust under the deed declared. In this count plaintiffs wish to avoid refunding the advancements made by Rebenack in the suit contesting the will.

The second count is for partition of the land.

Pending this suit in the circuit court Henry Nagel died testate, leaving his interest in this land to his children, Katie A. and Henry R. Nagel, who were minors.    Herman Nagel was made executor of the will

and duly qualified.   He was also made testamentary guardian of these two children.

The said Nagel as executor and guardian, and the two minors, were brought in by *scire facias*, and the cause was revived in their names.

Herman Nagel filed a demurrer to the petition on the grounds, *first*, that he was not a necessary party to the suit, and *second*, that several causes of action had been improperly united in the petition.

The two minors, by their said guardian, also demurred on the second ground.

These demurrers were overruled and defendants refused to plead further.

The cause was then heard, the trust declared, and partition and sale decreed.

Defendant Herman Nagel and his two wards appeal.

The only error assigned is to the action of the court in overruling the demurrers to the petition.

I.   The cause was revived in the name of Herman Nagel as executor and as testamentary guardian of his minor wards.   If he was not a proper party in his capacity as executor he certainly was such as guardian. R. S. 1889, sec. 7139.   The demurrer does not make the distinction and was properly overruled for that reason.

But these minors received their estate in the land through Henry Nagel, who had just died.   It may fairly be assumed that his estate had not been settled. The land devised to said minor defendants was subject to sale by the executors for the payment of the debts of deceased, if any there should be.

In such case the statute provides that until final settlement of the estate the interest of the parties in the lands, or, in the proceeds of the sale, where a sale has been ordered, shall be subject to claims against the

same.    This provision gives the executor or adminis-
trator such an interest in the  partition proceedings as
makes him, if not a necessary, at least a  proper,  party
to the suit.    R. S. 1889, sec. 7145.

There is no doubt, in case the lands, or the pro-
ceeds of the sale, should be needed to pay the debts of
the deceased that the executor on  his  own  application
could properly be made a party in order to protect the
interest of creditors and the estate.    No objection can
be seen to making him a party for the same purpose in
the first instance.

No title, of course, would pass through the  execu-
tor or administrator, for none vested in them.    This is
all that is decided in the  *Throckmorton*  case,  121  Mo.
58.    Judge BURGESS says:    "The administrator of her
father's estate had no interest in the land of his  intes-
tate which would authorize him to prosecute a parti-
tion suit, or to make him a party thereto."    The court
was only considering the title  that passed  under the
partition proceedings prosecuted against an adminis-
trator alone.

II.    Was the petition obnoxious to the rule of
pleading which prohibits multifariousness?    Defend-
ant Rebenack held the legal title to the land, but plain-
tiffs  claimed  the equitable right.    Both,  therefore,
claimed an interest in the land.    These interests, on
the face of the petition, were hostile, and the other
parties to the suit were, in no manner, concerned in
the matter of their settlement.    In suits purely equita-
ble, at common law, the petition doubtless would be
held multifarious.    The parties interested in the causes
of action stated in the respective counts are not identi-
cal.    The code allows the joinder in the same petition
of two or more causes of action, but requires them  to
be separately stated, and they must affect all the  par-
ties to the action.

But the statute which governs proceedings in partition, authorizes the settlement of conflicting rights, claims and interests of the parties, among themselves, and a partition of the land in the same proceeding. R. S. 1889, sec. 7134 *et seq.*, and sec. 7148. *Holloway v. Holloway*, 97 Mo. 633; *Thompson v. Holden*, 117 Mo. 125; *Hamilton v. Armstrong*, 120 Mo. 597; *Gunn v. Thruston*, 130 Mo. 344.

This is merely a suit for partition of the land, and, incidentally, to settle the rights and interests of the claimants thereto. It was not necessary that the action should have been stated in two counts, but no injury can result from the course adopted. The formal division of the petition into separate counts can be disregarded. The object of making distinct issues on the conflicting claims was accomplished. It would of course be unfair and improper to tax the cost of these collateral issues generally, to be paid by all the parties in proportion to their respective interests in the land. Such costs should be adjudged equitably by the court.

Under the partition act we do not deem the petition multifarious.

III.   Rebenack did not claim an absolute title to an interest in the land, but merely a lien thereon for reimbursement on account of advances made. It does not appear, therefore, from the proceedings, that plaintiffs had been disseized of the interest claimed by them, or that they did not have such possessory right to the land as is required in order to maintain partition. The judgment is affirmed. All of this division concur except ROBINSON, J., who is absent.