JESSIE VER STANDIG, Appellant, v. ST. LOUIS UNION TRUST COMPANY, a Corporation, Executor of the Estate of CORA WEIL ET AL.—98 S. W. (2d) 588.

Division One, November 12, 1936.

*Donnell & McDonald* and *George F. Wise* for appellant.

*Meyer Blocher* and *Bryan, Williams, Cave & McPheeters* for respondents.

COLLET, J.—Action in equity to enforce specific performance of a parol contract to devise real estate. The trial court sustained a demurrer to the petition. Plaintiff declined to plead further and judgment was entered dismissing the bill. This appeal is from that judgment.

The petition alleged the following facts: Cora Leon was the wife of Julius Leon. They lived in the city of St. Louis where Mr. Leon owned considerable property, both real and personal. On October 15, 1917, he died. Mrs. Jessie Ver Standig, the plaintiff herein, was the niece of Cora Leon. For approximately two months immediately following the death of Mr. Leon plaintiff's husband, Bernard Ver Standig, rendered numerous services of a business and personal nature to Mrs. Leon (apparently without any agreement for compensation). At the end of that time Mr. Ver Standig told Mrs. Leon that the handling of her affairs was taking so much of his time that he would prefer that she secure the services of someone else to assist her, but if he was to continue to look after her affairs and administer to her personal wants he should be compensated therefor, whereupon, at the instance of Mrs. Leon, she and Mr. Ver Standig orally agreed that he should continue to render all services of a business and personal nature which she should request for the remainder of her lifetime and in consideration therefor, she, Mrs. Leon, would, at her death, devise by will to her niece, Mr. Ver Standig's wife, a tract of land with buildings thereon located at the southwest corner of DeBaliviere and DeGiverville avenues in St. Louis, known as the DeBaliviere Avenue property, the legal description of which we omit. A recitation of a number of services, both of a business and personal nature, which were rendered by Mr. Ver Standig pursuant to the above agreement follows. In that connection it is alleged that Mrs. Leon was of an exacting disposition and possessed of peculiarities which made the rendition of the services described unusually difficult and arduous. On February 2, 1923, Mrs. Leon married Julius Weil. She will hereafter be referred to as Mrs. Weil. After her remarriage Mr. Ver Standig continued to render such services as were requested, but the requests were less frequent and the services correspondingly less frequent. Mrs. Weil died November 12, 1929, leaving a will which was duly probated but which failed to devise the property referred to above or any other property to Mrs. Ver Standig. The tract involved herein was devised to the executors, as trustees for the benefit of the Jewish Orphans' Home of St. Louis, for the purpose of erect-

ing a memorial to Mrs. Weil's first husband. Specific legacies and devises were made by the will. All these have been paid and discharged except those contained in the residuary clause. In the residuary clause the remainder of the property not elsewhere in the will specifically devised, was left to the executors in trust for certain purposes. The trust was to terminate upon the death of Julius Weil and the trust property paid over to the Jewish Sanatorium and the Jewish Orphans' Home of St. Louis. The will made the St. Louis Union Trust Company and Julius Weil co-executors thereof. Both qualified. On January 22, 1930, Julius Weil filed a renunciation of the will of Cora Weil, electing to take one-half of all the real and personal estate left by Cora Weil.

April 9, 1930, Bernard Ver Standig filed a claim in the probate court against the estate of Mrs. Weil setting out the services alleged in the present action and praying an allowance of $20,000 therefor. This claim was tried in the probate court, being resisted by the executors. The trial resulted in an allowance of $8,700. Julius Weil died July 24, 1930, leaving as the sole executor the St. Louis Union Trust Company. The remaining executor and the claimant both appealed from the allowance of the probate court. The cause was again tried in the circuit court, resulting in a judgment for $5000. One of the principal legatees under the will of Cora Weil co-operated with the executor in opposing the claim in the circuit court. Both in the probate court and in the circuit court it was asserted in defense of the claim of Bernard Ver Standig that his wife, the plaintiff herein, was entitled to enforce specific performance of the oral contract between Mrs. Weil and Bernard Ver Standig and thereby recover the real property above described. This argument was advanced as a sufficient ground for the denial of Bernard Ver Standig's claim. The same argument was made on appeal to the St. Louis Court of Appeals and there sustained resulting in the outright reversal of the judgment on September 12, 1933. [See 228 Mo. App. 1242, 62 S. W. (2d) 1094.]

Julius Weil left a will, appointing executors and making specific devises and legacies to a large number of devisees and legatees. Seventy-five per cent of these have been paid, leaving unpaid $17,000. In addition to the unpaid bequests, the expenses of administration and a small sum advanced by the executors remain unpaid. The executors of the estate of Julius Weil have a balance of $69,507.37 belonging to that estate. This balance represents securities having a questionable value so that it is impossible to determine whether these personal assets will be sufficient to retire the unpaid bequests or whether it will be necessary to resort to the sale of real property for that purpose. All of the residue of the estate of Julius Weil, remaining after the payment of the specific bequests, was devised and

bequeathed in four equal shares to his sister and three brothers. Two of these brothers on August 12, 1932, executed warranty deeds purporting to convey one-eighth interests in the property involved in the present action. Conveyances of the one-eighth interests were then made back to each brother and their respective wives for the purpose of vesting the title as tenants by the entirety. One brother has since died.

The petition alleges that plaintiff has no adequate remedy at law and that the services rendered by Bernard Ver Standig cannot be readily estimated in terms of money. It is further alleged that since the death of Cora Weil the defendants have collected large sums of money as rents from the DeBaliviere Avenue property and that the property is now badly in need of repair. The petition requests the appointment of a receiver to handle this property during the pendency of this action, prays for the specific performance of the parol contract heretofore mentioned, prays for an accounting of the rents and profits derived from the property since November 12, 1929, and for a money judgment for the amount due. The petition names as defendants the executors of the estates of Cora Weil and Julius Weil, the *cestui que trust* under the will of Cora Weil, and the devisees and legatees under the will of Julius Weil. General demurrers were filed by a number of the defendants. One demurrer raised the specific point that improper parties were made defendants. All of the demurrers were sustained.

The legal issues are somewhat narrowed by the following statement appearing in respondents' brief:

"The respondents herein do not quarrel with the abstract proposition of law laid down in the brief of appellant that a suit for specific performance will lie to enforce a contract of the character here involved. They do, however, deny that plaintiff, in view of the facts, can maintain this suit."

It is asserted that the petition discloses that plaintiff is guilty of such laches as to bar her right to maintain the present action. Waiving the question of whether laches of the character relied upon may be raised by demurrer we determine the ruling of the demurrer on its merits.

Although we have reduced the allegations of the petition to a narrative form, slightly rearranging the order of some of those allegations to suit our own particular idea of an orderly recitation of the facts alleged, yet the material facts appearing in the petition and only those facts are set out above. From them we note that plaintiff's husband instituted his action against the estate of Cora Weil to recover the value of his services on the 9th day of April, 1930, almost exactly five months after the death of Cora Weil and, of course, a somewhat shorter length of time after her will was probated, although

the latter date does not appear. Immediately the representatives of the estate of Cora Weil, which representatives included Julius Weil, the testator of the present residual legatees under his will, asserted that plaintiff's husband was not entitled to recover in that action because plaintiff was entitled to enforce specific performance of the contract now sought to be enforced. They were finally successful in that contention in the Court of Appeals, that court announcing its decision on September 12, 1933. The present action was instituted September 18, 1933, only six days after the Court of Appeals had announced its opinion upholding the contention that plaintiff could enforce the parol contract. As asserted by respondents in their brief: "It has long been recognized that the question whether or not laches exists depends upon the facts of each particular case." Several reasons for holding plaintiff guilty of laches are advanced. It is argued that plaintiff's laches has forfeited her right to maintain this action because: First, the suit was not brought until nearly four years had elapsed after the death of Mrs. Weil; second, because during that time Mr. Weil, an important witness had died; third, because defendants had been required to defend an action brought by Bernard Ver Standig for the identical services upon which the contract now involved is based; fourth, because plaintiff's delay in bringing this action permitted Bernard Ver Standig "to assert with show of reason" his claim; and fifth, that the present action is "an attempt to speculate" since "in 1930 plaintiff preferred the chance that her husband would get a sum of money, now she would rather gamble upon the recovery of the land." Although each suggested ground must be discussed separately yet all must be considered collectively, for as stated in Virginia C. Mining, Milling & Smelting Company v. Clayton (Mo.), 233 S. W. l. c. 218:

"Lapse of time is one of the elements entering into the doctrine of laches, but by no means a sole determining element. All of the surrounding facts and conditions must be considered along with lapse of time."

When the first and fifth grounds are considered together it is evident that defendants consider Bernard Ver Standig's suit and plaintiff's present action in the nature of a joint affair, each being for the purpose of securing compensation for either plaintiff or her husband, either under the contract or on *quantum meruit*. That assumption appears to be correct. The result is that plaintiff should not be charged with laches for awaiting the result of her husband's suit when a recovery therein appears to be all she desired. In view of the assumption referred to, the third ground cannot stand, as the present action appears to be merely a continuation of an effort to recover compensation for either plaintiff or her husband. For similar reasons the fourth ground must fall. There is no substantial support in fact

for the second. The petition alleges that the contract was made in 1917. Mr. Weil did not appear upon the scene, as it is portrayed by the petition, until 1923, and after the greater part of the services are alleged to have been performed.

In Guels v. Stark (Mo.), 264 S. W. 693, 1. c. 698, this court said: "If the defense of laches is to be of avail generally under a demurrer, a question we are not deciding, the grounds ought to be clear upon the face of the petition. The question of laches can better be determined upon a hearing on the merits, and, unless clearly demanded, a demurrer ought not to be sustained on that ground to a petition which charges acts of defendant constituting a fraud upon the rights of the plaintiff."

Such being the rule, we are of the opinion that the petition does not disclose facts which bar plaintiff's recovery on the ground of laches.

█ It is asserted that the rights of the devisees under the will of Julius Weil are superior to any rights under the alleged oral contract. This assertion is predicated upon the assumption that the right given Julius Weil by statute to renounce Cora Weil's will and elect to take one-half of the property in question gave him a right to one-half of the property superior to plaintiff's right to all of it under the alleged contract. His right to renounce the will and make the election is not questioned, but the superiority of the interests is sharply disputed. We are cited to no authority which determines the question under the facts before us. The general rule which we glean from the authorities is that cases of this character rest entirely upon equitable principles, leaving the court free to do that which its conscience dictates, and that contracts of the character involved here will be enforced if equity supports that result but will not be enforced although supported by equity if superior *equities* have intervened. [Arlands Estate, 131 Wash. 297, 230 Pac. 157.] The facts before us disclose that rights of a third party, Julius Weil, have intervened since the alleged contract was made. But the question is not whether rights of such parties have intervened but whether they represent superior equities. They may or may not and the answer must depend upon all the facts and circumstances surrounding the respective rights.

In Owens v. McNally, 113 Cal. 144, 45 Pac. 710, the court held that a contract would not be enforced against a widow who married without knowledge of the obligation of her deceased husband, made prior to the marriage. While that case is persuasive, yet it is not decisive as the court seems to have placed some emphasis upon the widow's lack of knowledge of the contract at the time of the marriage, a question undetermined by the facts before us. In addition to that uncertainty, the petition before us contains the positive allegation that Julius Weil was solemnly asserting plaintiff's right to maintain specific performance. The facts presented by the petition do not show with sufficient

certainty the superiority of the equity of Julius Weil's rights to justify sustaining the demurrers upon that ground.

It is contended that the St. Louis Union Trust Company, as executor of the will of Cora Weil and the St. Louis Union Trust Company and Millie W. Barnett, as co-executors of the will of Julius Weil, are not proper parties defendants and that the demurrer should have been sustained as to them. The petition states that by the will of Cora Weil she devised the property herein involved to the St. Louis Union Trust Company and Julius Weil in trust for the benefit of the Jewish Orphans' Home for the purpose of erecting a memorial to her first husband. As such trustee the St. Louis Union Trust Company was a proper party. [Sutton et al. v. Hayden et al., 62 Mo. 101.]

The reason given for making the co-executors of the estate of Julius Weil defendants is the possibility of the personal property of that estate being insufficient to pay the debts and legacies, necessitating the sale of Julius Weil's one-half interest in the property involved in this action for that purpose. There is no suggestion that the executors are in charge of the latter property under order of the probate court for the purpose of collecting rents. The alleged possibility of the necessity of the sale of the property is based upon the fact that obligations of that estate exist to the extent of $17,857.37, exclusive of costs of administration, and that the personal assets totaling $69,507.37 consist of $10,700 in demand notes upon which no interest has been paid for approximately three years, $11,206 in corporate stocks, $1000 in the form of an open account, and $46,601.37 in bonds approximately fifty per cent of which are in default either in the payment of principal or interest. It is stated that the unpaid legacies totaling $17,000 represent twenty-five per cent of all legacies. Some estimate of the cost of administration can be made therefrom. The petition then proceeds with the following allegation: ". . . so that it is impossible to determine whether or not the personal assets in the said estate will be sufficient to retire the said legacies or whether it will be necessary for the said co-executor and the co-executrix to resort to real property of said Julius Weil, if any, in order to pay the said bequests."

There can be no doubt that these executors were not necessary parties. [McQuitty v. Wilhite, 218 Mo. 586, 117 S. W. 730; Whitworth v. Barnes, 256 Mo. 486, 165 S. W. 992; McKee v. Downing, 224 Mo. 115, 124 S. W. 7.] But in Butte v. Rebenack, 137 Mo. 179, 38 S. W. 910, we definitely held that the possibility of the necessity arising for the sale of real estate to pay debts of an estate "gives the executor or administrator such an interest in the partition proceedings as makes him, if not a necessary, at least a proper, party to the suit." In that case the executor was made a defendant. The propriety of such a course was questioned there, as here, by demurrer. The Butte

case was not overruled by the later cases cited above. Neither did those later cases hold that an executor or administrator could not properly be made a party defendant under circumstances such as now confront us. If we held in this case that the executors were not proper parties defendant it would be necessary to overrule the Butte case. We see no necessity for so doing as there is no necessary inconsistency between the Butte case and cases holding that executors are not necessary parties.

The cause is reversed and remanded. All concur.