NONA STALION, APPELLANT v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, RESPONDENT.—119 S. W. (2d) —.

Springfield Court of Appeals. September 12, 1938.

Rehearing denied August 10, 1938.

468

*Oscar A. Knehans* for appellant.

*Oliver & Oliver,* and *Harry Coles Bates* for respondent.

SMITH, J.—This suit, predicated on a group life insurance policy, was instituted in the Circuit Court of Scott County, Missouri, on the 30th day of September, 1936, and summons issued thereon and duly served on Defendant and returnable to the November Term, 1936, of said court. On the 19th day of August, 1937, plaintiff by leave of court first had and obtained, filed her First Amended Petition, which is in words and figures as follows, caption and signature omitted, to-wit:

## "First Amended Petition.

"Comes now the plaintiff, Nona Stalion, and states that she is a resident of Scott County, Missouri; that she is the widow of Ingrain W. Stalion, deceased; that the defendant Metropolitan Life Insurance Company is a foreign corporation, organized and existing under and by virtue of the laws of the State of New York, duly licensed to do a general life insurance business in the State of Missouri, and as such is engaged in the general life insurance business in the State of Missouri.

"The plaintiff further states that on and for a long time prior to December 12th, 1930, Ingrain W. Stalion was employed by the Marquette Cement Manufacturing Company, a corporation, at Cape Girardeau, Missouri, that is to say, from February 24, 1924, to December 12, 1930, and was employed by the Marquette Cement Manufacturing Company in its work of manufacturing cement at Cape Girardeau, Missouri; that on or about the 1st day of July, 1921, the defendant issued, for a valuable consideration to the Cape Girardeau Portland Cement Company of Cape Girardeau, Missouri, a policy of insurance styled group insurance, policy No. 1347G, which policy was in about the year 1924 assigned and re-issued to the Marquette Cement Mfg. Company and which said policy of insurance was issued for the protection of the employees of the said Marquette Cement Maufacturing Company; that on the 12th day of December, 1930, and for a period of seven years continuously prior thereto, Ingrain W. Stalion, the husband of the plaintiff herein, was an employee of the said Marquette Cement Manufacturing Company, and came under the terms of said policy, and, in fact, was an employee of said company for many years prior to December 12th, 1930, that is to say, from and after February 24th, 1924 to and including December 12th, 1930; that prior to the said 12th day of December, 1930, the defendant, through the said Marquette Cement Manufacturing Company, had on January 25th, 1924, issued and during the year 1927 reissued to the said Ingrain W. Stalion, a certificate of insurance, styled Serial No. 473, which certificate of insurance states and provides that the said Ingrain W. Stalion was then insured by the defendant in the sum of One Thousand ($1000.00) Dollars, and in addition serial certificate No. 473A in the sum of One Thousand ($1000.00) Dollars, the latter certificate dated June 15th, 1927, so that on the 12th day of December, 1930, and for a long time prior thereto, the various certificates aforesaid disclosed that the said Ingrain W. Stalion was entitled to insurance and protection in the total sum of Two Thousand ($2000.00) Dollars; that on the 17th day of June, 1932, the said Ingrain W. Stalion died; that both of the above mentioned serial certificates stipulated and provided that in case of death of the said Ingrain W. Stalion the amount of insurance in force thereunder shall be

paid to Nona Stalion, the plaintiff, herein, who is also the widow of the said Ingrain W. Stalion; that said two certificates numbers 473 and 473A are lost or destroyed and the plaintiff is unable to find the same after a full and careful search therefor and the defendant has upon request refused to furnish duplicate copies thereof, hence it is impossible to file said certificates with this petition. The defendant did furnish similar blank copies of the said certificates as were issued by the said defendant company to the said Ingrain W. Stalion which said similar blank copies of the said certificates are in all respects in words and figures the same as the original or actual certificates issued by said defendant company to the said Ingrain W. Stalion, except that the name of the said insured, the name of the beneficiary and the amounts have not been filled in the blank lines provided for that purpose in the blanks furnished by said defendant. Said blank certificates are marked Exhibits 'A' and 'B' and made a part of this petition, filed herewith, and due reference is hereby made thereto. That Group Insurance Policy No. 1347G is in the possession of the said Marquette Cement Manufacturing Company, or the defendant herein, and is not in the possession of this plaintiff and she is unable to secure the same, and for that reason said Insurance Policy No. 1347G is not filed with this petition nor as an exhibit hereto. That said Group Insurance Policy No. 1347G was in full force and effect and all premiums paid thereon on December 12, 1930, and for seven years prior thereto.

"The plaintiff further states that the said Group Policy of Insurance No. 1347G issued by the defendant to the Marquette Cement Manufacturing Company for the benefit of the latter's employees, among other things on the face of the said policy, the second paragraph provides as follows:

" 'AND THE COMPANY HEREBY PROMISES, upon receipt at the Home Office in the City of New York, within one year after the date thereof, or within one year from the date of any renewal thereof, of due proof of the death of any such employee while insured hereunder, to pay at such Home Office to the beneficiary as designated by the Employee the amount for which such employee is hereby insured in accordance with the above provisions and as set forth in the Register hereinafter described.' "

"The plaintiff further states that the said group policy of insurance under the subject head 'PROVISIONS AND BENEFITS,' paragraph seven (7) contains the following provision:

" '7.   TOTAL AND PERMANENT DISABILITY BENEFITS. —On receipt by the company at its Home Office of due proof that any Employee insured hereunder has become wholly and permanently disabled by accidental injury or disease before attaining the age of sixty years, so that he is and will be permanently, continuously and

wholly prevented thereby from performing any work for compensation or profit, the Company will waive the payment of each premium applicable to the insurance on the life of such disabled employee that may become payable thereafter under this policy during such disability, and, in addition to such waiver, will pay to such employee during such disability, in full settlement of the payment of insurance as herein provided, such monthly or yearly installments as may be selected by such employee by written notice to the company at its Home Office the following basis, to-wit: On basis of $1000.00 of insurance either

Sixty monthly installments of ................... $18.00, or
Twenty annual installments of .................. $67.98, or
Fifteen annual installments of ................. $83.90, or
Ten annual installments of .................... $116.18, or
Five annual installments of ................... $214.00,

the first installment to be paid six months after receipt of due proof of total and permanent disability.

" 'IN THE EVENT OF THE DEATH OF THE INSURED DURING THE PERIOD OF TOTAL PERMANENT DISABILITY, ANY INSTALLMENTS REMAINING UNPAID SHALL BE PAYABLE TO THE DESIGNATED BENEFICIARY.' "

"Substantially the same provisions as above set out are contained in the two certificates above mentioned.

"The plaintiff further states that according to the terms and provisions of said group insurance policy in the event the plaintiff or the said Ingrain W. Stalion shall establish a claim for total and permanent disability benefits, he or she would be entitled to sixty monthly installments in the sum of $18.00 each based upon insurance in the sum of $1000.00, or monthly installments in the sum of $36.00 each based upon insurance in the total sum of $2000.00.

"Plaintiff further states that the said Ingrain W. Stalion on the 12th day of December, 1930, and for a long time prior thereto, had been afflicted with disease, with asthma, with chronic bronchitis, coughs, fever, tuberculosis, silicosis, extreme disability and exhaustion, dyspnoea, shortness of breath, emaciation, bronchial asthma, and insomnia. That on December 12th, 1930, and several weeks prior thereto and since that date, the said Ingrain W. Stalion, the husband of this plaintiff and the insured in the aforesaid mentioned policies of insurance, has been permanently, continuously, and wholly prevented from performing any work for compensation or profit; that because of said bodily injury and disease, the said Ingrain W. Stalion had been up to the time of his death permanently, continuously and wholly prevented thereby from performing any work for compensation or profit. That the said ailments, disease and injury and condition herein stated arose while the terms of the said policy of insur-

ance were in full force and effect and while the plaintiff's husband, the said Ingrain W. Stalion, was an employee of the Marquette Cement Manufacturing Company, and before the said Ingrain W. Stalion attained the age of sixty (60) years.

"The plaintiff further states that on the 12th day of December, 1930, all the premiums which had accrued and which were due and payable upon each of said policies of insurance or certificates above mentioned were duly and promptly paid; and that the said Ingrain W. Stalion and the plaintiff herein and the Marquette Cement Manufacturing Company have in all respects complied with the conditions and provisions contained in said policies and certificates of insurance.

"Plaintiffs further state that the said Ingrain W. Stalion, after leaving the employment of the said cement company, was sick and totally and permanently disabled, and that he was not mentally alert sufficiently to file his claim or proof of claim based on said policies and because of his total disability, before he died on the 17th day of June, 1932. That before his death he was unable to employ counsel, and that he was advised by the Marquette Cement Manufacturing Company who was, at the request of the defendant, collecting the premiums from its employees on said Group Policy No. 1347G for the defendant herein, that he the said Ingrain W. Stalion, had no claim against the defendant company and that since he was no longer working for the said cement manufacturing company that the group policies of insurance and his certificates issued by the defendant based on the master or group policy, were void and that he could not collect any disability payments thereon, and in consequence of and pursuant to such advice the said Ingrain W. Stalion did not file due proof of his total and permanent disability.

"Plaintiff further states that she made application to the Home Office of the defendant for proof of disability blanks from the defendant company, and this defendant, the Metropolitan Life Insurance Company on the 17th day of September, 1934, disclaimed any and all liability on said insurance policies and insurance certificates. Nevertheless this plaintiff on May 14th, 1935, sent to the defendant at its Home Office in the City of New York full and complete proof of disability and disablement of the said Ingrain W. Stalion supported by a great number of affidavits and doctor's certificates supporting such proof and claim; but said defendant again on December 11th, 1935, denied any and all liability on said insurance policies and insurance certificates, so that said defendant on September 17th, 1934, and again on December 11th, 1935, refused to pay plaintiff the installments as provided in said group policy of insurance and the certificates of insurance, in fact, refused to pay this plaintiff any amount under and by virtue of said policies of insurance or certificates of insurance; that there is now due and owing to the plaintiff from the

said defendant fifteen (15) monthly installments in the sum of $36.00 each; that the plaintiff has made demand on the defendant for these installments, but that the defendant has failed and refused to pay said installments or any part thereof.

"Plaintiff further states that she has made repeated demands upon the defendant for the amount due her under said policy and said certificates of insurance, but that the defendant has vexatiously failed and refused to pay the same or any part thereof, by which the defendant has become liable to this plaintiff for a reasonable attorney's fee for the prosecution of this action, which plaintiff alleges and charges to be the sum of Five Hundred ($500.00) Dollars.

"WHEREFORE, plaintiff prays judgment against the defendant in the sum of Five Hundred Forty ($540.00) Dollars, the amount of installments now due, together with interest thereon from the 11th day of December, 1935, and for an additional sum of $500.00 for attorney's fees for the prosecution of this suit, and for her costs herein expended."

And thereafter and on the 15th day of September, 1937, the defendant filed its demurrer to plaintiff's First Amended Petition, which Demurrer was in words and figures as follows, omitting caption, and signature, to-wit:

"Comes now the Defendant and files this its demurrer to Plaintiff's amended petition, and as grounds therefor says:

"(1) That Plaintiff's petition fails to state facts sufficient to constitute a cause of action in favor of this Plaintiff and against this Defendant.

"(2) That Plaintiff's petition is so indefinite and uncertain that it fails to state a cause of action under the terms of the policy and certificates sued upon.

"(3) That Plaintiff has not complied with the requirements of the statute with reference to allegedly lost instruments.

"(4) That upon the face of Plaintiff's petition such delay has occurred since the alleged accrual of Plaintiff's cause of action, if any, under the terms of the policy and certificates sued upon, as to defeat, as a matter of law, any such cause of action; that upon the face of Plaintiff's petition it appears that four years, five months, and two days elapsed between the accrual of any cause of action under the contract sued upon, if any, to-wit: the last day of employment of Ingrain W. Stalion, to-wit: December 12, 1930, and the date that alleged proof of total and permanent disability was submitted, to-wit: May 14, 1935, and that such delay constitutes such laches as a matter of law to bar Plaintiff's claim.

"(5) That Plaintiff is neither a proper nor necessary party plaintiff; that under the terms of the policy sued upon she has no cause of action; that upon the face of the policy sued upon this Plaintiff,

Nona Stalion, could have no interest in said policy unless the death of the said Ingrain W. Stalion occurred while he was in the employ of the Marquette Cement Manufacturing Company, and while said group policy was in force and effect; that upon the face of Plaintiff's petition said Ingrain W. Stalion left the employ of said Cement Company on the 12th day of December, 1930, and did not die until the 17th day of June, 1932, and that this Plaintiff therefore does not have and could not have any interest as the widow of the said Ingrain W. Stalion in said policy or the benefits thereof.

"(6) That the said Ingrain W. Stalion did not appropriate said cause of action, if any existed, during his lifetime, and that, having failed to do so, such cause of action, if any ever existed, died and terminated with him, and that this Plaintiff therefore has no cause of action and no interest in said policy or certificates mentioned in Plaintiff's petition."

The demurrer was taken under advisement by the court, and on the 4th day of October 1937, the demurrer to the petition was sustained, and the plaintiff refused to plead further. Whether necessary or not in a case of this kind, the plaintiff filed a motion for new trial and motion in arrest of judgment, which were both overruled by the court, and the plaintiff appealed to this court.

The only question before us is whether or not the petition states a cause of action. The trial court did not state in his judgment upon what ground the demurrer was sustained, therefore we will have to look to the entire petition to ascertain, if we may, whether or not a cause of action has been stated. We have set the petition out in full, but reducing it to its simplest language, we find that therein is alleged the following:

The defendant Metropolitan Life Insurance Company issued a group or master policy to the Marquette Cement Manufacturing Company of Cape Girardeau, Missouri, insuring the lives of the said cement company employees, also providing for certain payments for total and permanent disability occurred during the time of employment.

After the employee worked for the cement company for a certain number of years, additional insurance was granted. The master policy was issued to the cement company (the employer) and certificates predicated thereon were issued individually to the various employees.

The husband of the plaintiff had been working for the cement company for a number of years and was granted additional insurance in the total sum of $2000.00.

The defendant was the insurance carrier for the Marquette Cement Manufacturing Company and the premiums on the policies on

the lives of the employees were collected by the cement company and by it transmitted to the defendant company.

Ingrain W. Stalion became totally and permanently disabled during the time he was employed by the Marquette Cement Mfg. Company and ceased working for said company on December 12, 1930. That then and thereafter he was wholly and permanently disabled so that he could do no work for compensation nor profit. That he was sick and not sufficiently mentally alert to file his claim or proof of claim under said group insurance policy, furthermore said cement company advised him that he had. no claim against defendant company after he ceased working for the cement company. He died during such condition of total and permanent disability on the 17th day of June, 1932. His widow, the beneficiary, made claim to the defendant and thereafter on the 17th day of September, 1934, the defendant denied any and all liability on said policy. The plaintiff nevertheless again on May 14th, 1935, sent plaintiff at its Home Office full and complete proof of loss and proof of disability of the said Ingrain W. Stalion, her husband, supported by a large number of affidavits and the defendant again on December 11, 1935, denied all liability under said policy.

We have quoted the demurrer above, but it is presented to us here by the respondent under the following contentions: First, that the beneficiary cannot maintain this suit, because the policy provides that it will pay the employee the monthly benefits, during disability, and it is only in case of the employee's death during disability and after some payments had been made to him, that the beneficiary may collect remaining unpaid installments. Or in other words, since the employee made no claim for installments, and none were paid to him, there were no remaining unpaid installments, and therefore the trial court should have so held under the demurrer. The second contention is that since the petition shows that it was four years, five months and two days after Stalion quit work before this defendant was given any notice that a claim for disability would be made, that this was such an unreasonable delay in giving notice and in making demand for payment that it made it the duty of the court to hold against the petition under the demurrer.

The defendant contends that this being a suit for total disability the beneficiary cannot maintain the suit because she would not be entitled thereto, for "the beneficiary would be entitled to the payment of such sums only as would be due under the policy to be assured himself," and since no demand was made by the employee for any installments, then the beneficiary could not maintain an action for payment of such installments after the death of the employee. It is specifically contended that such there was no proof made at the time of the em-

ployee's death, there could have been no "installments remaining unpaid" at the time of the death of the insured.

The defendant cites several cases to justify the court's action in sustaining the demurrer to the petition. Among these are Adams v. Metropolitan L. Ins. Co. (Mo. App.), 74 S. W. (2d) 899; Byrd v. Aetna Ins. Co. (C. A.), 146 So. 78; Paul v. Fidelity & Casualty Co. of N. Y., 34 S. W. (2d) 978; Dunn v. Insurance Co., 197 Mo. App. 457, 196 S. W. 100; Geo. Smith v. Metropolitan L. Ins. Co., 108 S. W. (2d) 995; Coburn v. Metropolitan Life, 91 S. W. (2d) 157, 159; Metropolitan Life Ins. Co. v. Walton (Tenn. App.), 83 S. W. (2d) 274.

Much stress is laid, by the defendant, on the Alabama case, Byrd v. Aetna Ins. Co., supra. We have tried to consider the reasoning in that case. Several points are discussed in the opinion, and the opinion fails to designate particularly upon which point the court relied in reversing the judgment. As we read the opinion we are forced to the conclusion that it cannot be taken as an authority for sustaining the demurrer to the petition in the instant case.

The Adams case, supra, passed on by this court is one in which the facts are entirely different from those in this case. In that case the evidence showed that no notice of injuries was ever given. The petition alleged that notice was given, but the uncontradicted evidence was that no such notice was given, and no reason shown why notice was not given. That case is no authority to justify the court under the pleadings in this case. Under the Paul case, supra, the court in writing that opinion said, "The sole question in this case is whether his death before the expiration of the payment period released defendant from payment for the remainder of the period or confirmed its liability for the total insurance for total disability." That was a sick benefit policy, and was based upon a policy so different from the policy in the instant case that we think it not authority under the pleadings here.

The Dunn case, supra, and all the other cases cited above in which the Metropolitan Insurance Company is an interested party, are so different in facts that we are unable to find where the reasoning in those cases, and the court's holdings in any of them sustain the trial court in the instant case. It is not necessary for us to distinguish each of those cases. It is sufficient to say that a careful reading of those cases, based upon the pleadings or the facts at issue in them, will show that they are not authority for defendant's contention here.

The petition states that the employee "was not mentally alert sufficiently to file his claim or proof of claim." For the purpose of this demurrer that statement must be taken as true. We are confronted with a situation where it is alleged that the employee was wholly disabled and was mentally unable to make demand for his rights under

the policy for which he had paid, and that such conditions existed until the time of his death. Conceding that such conditions existed, as we must concede under this demurrer, could it be said that because of such conditions the insurer could take advantage of such a mental condition of the insured and defeat payment under the policy? We do not so understand it, and especially under such a policy as here described in the petition.

This petition quotes section 7 from the policy which provides that if the insured becomes wholly and permanently disabled before attaining the age of sixty years that the company will waive payments of premiums and will pay the installments designated in that section of the policy, payments to begin six months after receipt of due proof of total and permanent disability. This policy, according to this petition, does not state who shall make the proof. The petition does say that due proof was made, and in addition to that, the petition alleges that the defendant denied liability under the policy. As we understand the rulings of our courts, such a denial of liability removes the necessity of filing notice and proof of claim. But this petition alleges that notice was given and due proof made.

The petition also alleges that the policy provides that in the event of death of the insured during the period of total disability, any installment remaining unpaid shall be payable to the designated beneficiary.

The defendant seriously insists that under the provision of the policy last above mentioned, the beneficiary could not collect, because since no payments for disability were made to the insured there were no *remaining* installments unpaid, and therefore the beneficiary would be barred as a matter of law. A look again at this provision of the policy set out in the petition above quoted will show that it does not say *remaining unpaid installments* but it says "any installments remaining unpaid." As we view this statement there is nothing about this language making it difficult to understand. If there had been an installment due the insured and it had not been paid, it could be nothing more than an installment remaining unpaid; if circumstances had happened, as alleged in this petition, so that several of the installments were due, then certainly those installments would all be remaining unpaid. That is the way it seems to the writer of this opinion. The attorneys representing the two sides to this litigation cannot agree as to the meaning of this language. They are reputable, sincere attorneys, and would not under any circumstances undertake to deceive the court, so the writer is forced to the conclusion that this language must be of doubtful meaning, at least in the minds of reputable attorneys, and since we have reached that conclusion, in following the holdings of our courts, we must and do hold that when the terms of the policy are of a doubtful meaning that con-

struction most favorable to the insured will be adopted. Among the cases so holding are the following: Bergholm v. Peoria Life Insurance Co., 284 U. S. 489, 52 S. Ct. 230; Mutual Insurance Co. v. Hurnie Co., 263 U. S. 167, 44 S. Ct. 90; Stepcich v. Insurance Company, 277 U. S. 311, 48 S. Ct. 512; Adams v. Metropolitan Life Insurance Co., 74 S. W. (2d) 899; Minnesota Mutual Life Ins. Co. v. Marshall, 29 Fed. (2d) 977, (C. C. A.).

Was the delay in filing the proof so unreasonable as to make it the duty of the trial court to say that the demurrer should be sustained because of such delay? We think not, because the petition fails to show any limitations as to the time of making proof of loss or in the institution of suit, nor as to who shall make the proof. As we view it judged from the reading of the petition, it is a suit based upon a written contract and is governed by the ten-year statute of limitation. [Sec. 2964 R. S. Mo. 1929.] This petition alleged that the defendant on two different occasions denied liability. It was after that denial that suit was filed. Our courts have generally held that delay or laches can better be determined at a trial upon the merits, and generally a demurrer ought not to be sustained on that ground. [Ver Standig v. St. L. Union Trust Co. (Mo. Sup.), 98 S. W. (2d) 588, 591; Jones v. McGonigle (Mo. Sup.), 37 S. W. (2d) 892, 897; Guels v. Stark (Mo. Sup.), 264 S. W. 693, 698.]

It follows from what we have said that it is our conclusion that the trial court erred in sustaining the demurrer to the petition, and that the judgment should be reversed and the cause remanded with direction that the petition be reinstated. It is so ordered.

*Allen, P. J.,* and *Fulbright, J.,* concur.